**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Zahid Alizada, an individual, | Case No.: |
| Plaintiff, | **COMPLAINT FOR:** |
| v. | 1. **BREACH OF CONTRACT;** |
| Ilgar Talibov, an individual, and DOES 1 through 10, | 2. **UNJUST ENRICHMENT; AND** |
| | 3. **FRAUD** |
| Defendants. | **JURY TRIAL DEMANDED** |

Plaintiff Zahid Alizada ("Mr. Zahid"), by and through his attorneys, complaining of Ilgar Talibov ("Talibov"), alleges as follows:

## SUMMARY OF ACTION

1.      Mr. Zahid brings this action against Talibov for breach of contract and unjust enrichment for Talibov's breach of an oral agreement ("the Agreement") entered into by and between Mr. Zahid and Talibov.

2.      In or around July 2019, Mr. Zahid and Talibov entered into the Agreement to start a business as a founder for a smart phone application called Smartist ("Smartist app").

3.      In or around August 2020, Talibov breached the Agreement by ousting Mr. Zahid from the Smartist app development and the business entirely.

4.      Talibov has acknowledged his breach of the Agreement and failed to engage in good-faith efforts to resolve this dispute.

5.      As a result of Talibov's failure to comply with the Agreement, Mr. Zahid has been ousted from his company and has lost his monetary investment as well as substantial profits generated by the Smartist app.

6.      Talibov is contractually obligated to comply with the terms of the Agreement.

7.      Mr. Zahid is informed and believes and thereon alleges that Talibov knowingly misrepresented his intention to comply with the obligation to keep and compensate Mr. Zahid as a co-founder of the Smartist app and fraudulently induced Mr. Zahid to contribute of his time, energy, and resources knowing without just compensation or credit.

## PARTIES

8.      Mr. Zahid is an individual residing in New York City, New York.

9.      Talibov is an individual residing in Miami, Florida. Talibov claims to be the "Founder" and "Chief Vision Officer" of Smartist. On information and belief, Talibov conducts Smartist business from his personal residence in Miami, Florida.

10.     Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through 10, inclusive, (collectively with Talibov, "Defendants") are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual, or otherwise, of DOES 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said DOES by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

11.     Plaintiff is informed and believes and thereon alleges that at all times relevant hereto, each of the DOES was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## JURISDICTION & VENUE

12.     This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because Mr. Zahid is a citizen of a different state from Talibov and the amount in controversy exceeds the statutory threshold, exclusive of interest and costs.

13.     This Court has specific personal jurisdiction over Talibov because his conduct as alleged in this Complaint constitutes significant contacts with the State of New York. On information and belief, Talibov's breaches have allowed him to direct the goods and services offered by Smartist towards thousands of New York residents. Talibov has derived substantial revenue from the Smartist app in the State of New York.

14.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because the contracts giving rise to the claims asserted herein were formed and negotiated in the State of New York, and a substantial part of the events occurred in the State of New York.

## FACTUAL BACKGROUND

### A.  The Agreement is Formed

15.     In and around July 2019, Talibov brought his idea for the Smartist app to Mr. Zahid in hopes of forming a partnership whereby Mr. Zahid would finance the endeavor while Talibov oversaw its development. Once the Smartist app launched, it was agreed that the parties would split the operational responsibilities in the business.

16.     The Smartist app allows participating artists to showcase their art while also allowing users to virtually place available artwork in unique places to see how it would look in an area before purchasing it.

17.     After having a few conversations about the idea and each conducting research into it, the parties met at Mr. Zahid's home and orally agreed that Mr. Zahid would provide an investment to start the business. It was further agreed that, if the Smartist app was successful, the parties would have a 50/50 partnership, with each owning 50% of the company and receiving 50% of the profits. If, however, the app was for some reason unsuccessful, the parties agreed that

Mr. Zahid would be responsible for 70% of all expenses and Talibov would be responsible for the remaining 30%.

**B.  Development for the Smartist App Begins**

18.     In or around August 2019, Mr. Zahid and Talibov began seeking out different design and development teams to develop the Smartist app.

19.     In or around October 2019, Alexander Khomutov ("Mr. Khomutov"), a UX/UI Designer, was hired as an independent contractor to develop the application.

20.     In or around December 2019, the parties received the first App UX/UI prototype from Mr. Khomutov.

21.     In or around January 2020, the parties started hiring more people to do interior rendering for the Smartist app. Additionally, the parties searched for appropriate technologies to further the developmental portion of the app. The parties also consulted with different developers before ultimately choosing Ivan Yaromii ("Mr. Yaromii"), an independent contractor who agreed to develop the Smartist app for an estimate of $8,800.

22.     In or around February 2019, the parties began sharing the Smartist app prototype with different companies and freelancers in an effort to recruit a strong development team to assist Mr. Yaromii.

23.     In or around March 2020, with their team more fully formed, the parties began developing the Smartist app in earnest.

24.     In or around April 2020, Talibov, using his skill as a digital designer, designed the logo for the Smartist app.

25.     In or around May 2020, the parties applied to have the Smartist app included in the Apple Beta Software Program.

26.     In or around June 2020 to July 2020, the parties hired a Quality Assurance
Specialist to start testing the Smartist app.

27.     Mr. Zahid was at all times involved in the development of the Smartist app and
fully performed his obligations pursuant to the Agreement, including funding these early
development stages of the Smartist app development.

**C.  Talibov Breaches the Agreement**

28.     In or around August 2020, Talibov inexplicably and without prior notice informed
Mr. Zahid that he no longer wished to be partners or have Mr. Zahid involved with the Smartist
business. Instead, Talibov unilaterally decided to take the Smartist app in a different direction.

29.     Talibov acknowledged the oral agreement between the parties, so he tried to
dissolve the partnership with Mr. Zahid by offering him a payout that was far less than the 50%
ownership stake that was agreed upon.

30.     Mr. Zahid refused this offer, explaining that he was only interested in the Smartist
app and wanted the 50% stake he was promised in relation to the app.

31.     Talibov then removed Mr. Zahid from all company communication channels,
including Slack, Google Drive, and the WhatsApp group chat.

32.     Soon thereafter, without involving Mr. Zahid, Talibov incorporated Smartist, Inc.
in Delaware and registered the company in New York. Recently, Talibov unilaterally moved
Smartist, Inc.'s operations to Miami, Florida and conducts Smartist business from his personal
residence.

33.     On August 14, 2020, Mr. Zahid contacted Talibov in another attempt to restore
the agreed upon partnership. Talibov refused to engage in a rational conversation and ceased all
communication with Mr. Zahid.

34.     Since launching, the Smartist app has proved to be a success as it has received 4.8/5 stars based on 5,986 ratings in the Apple App Store. Further, it is evident that the Smartist app is generating revenue given the availability of in-app purchases.

35.     To date, Mr. Zahid remains ousted from his company and Talibov continues to blatantly breach the Agreement, forcing Mr. Zahid to bring this action to recover his 50% stake in the Smartist business.

## FIRST CAUSE OF ACTION

(Breach of Contract)

36.     Plaintiff, Mr. Zahid repeats, reiterates, and realleges each and every allegation set forth in the above paragraphs with the same force and effect as if fully set forth herein.

37.     In or around July 2019, Mr. Zahid made the following oral agreement with Talibov: Mr. Zahid would make an initial investment in the Smartist app business and, (a) if it was successful, Talibov and Mr. Zahid would have a 50/50 partnership where each owned a 50% stake in the business and reaped 50% of the profits; or (b) if it was unsuccessful, Mr. Zahid would be responsible for 70% of all expenses while Talibov would be responsible for the remaining 30%.

38.     In or around July 2019, the parties orally accepted these terms.

39.     Mr. Zahid and Talibov entered into a valid, enforceable, and binding oral contract. This is evidenced by Talibov's acknowledgment of such a contract in text message exchanges with Mr. Zahid.

40.     Mr. Zahid substantially performed all of his duties under the contract by providing the initial investment needed to start the business. Further, Mr. Zahid was involved in

the development of the Smartist app and reasonably expected that, after launching, the parties would split the operational responsibilities in the business as well as all profits.

41.     In or around August 2020, Defendants breached the Agreement by ousting Mr. Zahid from the Smartist app development and removing him from all company communication channels.

42.     As a direct and proximate result of the foregoing breach, Mr. Zahid has suffered damages in an amount to be determined at trial, but in excess of $1,800,000.00, which reflects his initial investment, as well as consequential damages for lost profits, plus pre-judgement interest.

## SECOND CAUSE OF ACTION

(Unjust Enrichment)

43.     Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

44.     As alleged supra, Mr. Zahid provided Talibov with the initial investment necessary to start the Smartist app and devoted substantial time to its development.

45.     Talibov accepted the investment and agreed that he and Mr. Zahid would be 50/50 partners in the business or, in the alternative, that Mr. Zahid would be responsible for 70% of all expenses while Talibov would be responsible for the remaining 30% if the app was unsuccessful.

46.     Defendants subsequently breached the Agreement by ousting Mr. Zahid from the Smartist app development and removing him from all communications concerning the business.

47.     It is against equity and good conscience to permit Defendants to retain Mr. Zahid's monetary investment and profits realized from the Smartist app business.

48.     By reason of the foregoing, Defendants have been unjustly enriched at Mr. Zahid's expense in an amount to be determined at trial, plus pre-judgement interest.

## THIRD CLAIM FOR RELIEF

(Fraud)

49.     Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

50.     Leading up to the above-referenced breaches, Talibov made intentionally false representations to Mr. Zahid that Mr. Zahid would maintain his co-founder status of the Smartist app, be entitled to equity and additional earnings in connection with all exploitations of the Smartist app, and be granted future opportunities to own or contribute to additional ventures resulting from the marketing and exploitations of the Smartist app.

51.     Talibov knew his representations were false at the time he made them, and Mr. Zahid reasonably relied on Talibov's intentional misrepresentations.

52.     In or around August 2020, Defendants fraudulently concealed severing ties with Mr. Zahid in the Smartist app business and did so in order to keep the benefit of Mr. Zahid's investment and contributions while absconding with control of the Smartist business.

53.     In alienating Mr. Zahid from the Smartist business and unlawfully taking control of the app and all developments owned by Mr. Zahid, Defendants intentionally deceived and defrauded Mr. Zahid and Mr. Zahid since has not been able to recover his stake in the Smartist business or any of the additional compensation to which he is owed despite the company becoming successful and generating revenue.

54.     Defendants has profited from Mr. Zahid's investment and continues to benefit from retaining Mr. Zahid's investment and contributions in Smartist.

9
COMPLAINT

55.     The aforementioned acts caused general and special damages to Mr. Zahid, in an amount to be established at trial, and were willful and wanton, justifying an award, hereby sought, of punitive damages.

///

///

## PRAYER FOR RELIEF

Wherefore, Plaintiff, Mr. Zahid prays for judgment as follows:

1.  On the First Cause of Action, awarding a judgement in favor of Plaintiff and against Defendants for damages in an amount to be determined at trial, plus pre-judgement interest.

2.  On the Second Cause of Action, awarding a judgement in favor of Plaintiff and against Defendants for damages in an amount to be determined at trial, plus pre-judgement interest.

3.  On the Third Cause of Action, awarding a judgement in favor of Plaintiff and against Defendants for damages in an amount to be determined at trial, including punitive damages, plus pre-judgement interest.

4.  Awarding Mr. Zahid his attorneys' fees, costs of suit, and interest as allowed by law; and

5.  Awarding any such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Mr. Zahid demands a trial by jury on all issues in its Complaint so triable.

Respectfully submitted,

Dated: June 27, 2023                    By: _____
                                        Scott Alan Burroughs, Esq.
                                        **DONIGER / BURROUGHS**
                                        247 Water Street, First Floor
                                        New York, New York 10038
                                        (310) 590-1820
                                        scott@donigerlawfirm.com
                                        *Attorneys for Plaintiff*