UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Zahid Alizada, an individual,<br><br>Plaintiff,<br><br>v.<br><br>Ilgar Talibov, an individual; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 1:23-cv-05484-CM-OTW<br><br>**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY FROM SMARTIST INC. PURSUANT TO SUBPOENA DUCES TECUM** |

### I. Introduction

Plaintiff, Zahid Alizada, seeks an order from this honorable court compelling compliance with a non-party subpoena under Fed. R. Civ. P. 45. served a subpoena duces tecum on Smartist, Inc. ("Smartist")—a company central to the dispute between Alizada and Defendant, Ilgar Talibov, seeking documents and information crucial to this matter. Despite Smartist's receipt of this subpoena through its managing agent—who confirmed her authorization to accept it on the company's behalf—Smartist has failed to produce any of the requested documents, make any objection to the subpoena, or meaningfully respond in any way. Alizada's motion to compel should be granted.

### II. Procedural History

On June 27, 2023, Alizada filed this action against Talibov for breach of contract and fraud claims arising from their formerly joint business venture, which involved the creation of Smartist. Dkt. No. 1. Alizada properly effected service of the summons and complaint in this action on Talibov on September 6, 2023, and filed a return of service confirming same on September 25, 2023. Dkt. No. 9. Despite this, Talibov has failed to appear or defend himself in this matter,

1

frustrating Alizada's ability to obtain discovery and resulting in the clerk of court entering default against Talibov on October 23, 2023. Dkt. No. 14.

Unable to seek discovery from Talibov, Alizada then served a subpoena duces tecum on Smartist on November 28, 2023, and received an affidavit of service confirming its successful delivery. See Declaration of David Jenkins ("Jenkins Decl.") ¶¶ 6-7, **Ex. 1, 2.** Smartist has failed to produce any documents sought in the subpoena or otherwise respond, necessitating this motion. Jenkins Decl. ¶ 11. Alizada, through counsel, additionally sent a copy of the subpoena to Talibov at his publicly listed email address but has received no response. Jenkins Decl. ¶12.

On February 23, 2024, Alizada requested a pre-motion conference in anticipation of filing a motion to compel the discovery sought in the subpoena from Smartist. Dkt. No. 18. On March 4, 2024, the Court entered an order setting a deadline of March 8, 2024, for Alizada to file the instant motion if he believed doing so was necessary, and setting a deadline of April 5, 2024 for the filing of any opposition to said motion. Dkt. No. 19. As required by the court, Alizada served a copy of the Docket Sheet and the Court's order on Smartist before 5pm on March 8, 2024. Dkt. No. 20. Because Alizada will likely not be able to fully prove up evidence of his damages on default judgement without the evidence sought via the subpoena to Smartist, Alizada files the instant motion before seeking a default judgment against Talibov.

### III. Argument

#### A. Smartist failed to comply with Alizada's subpoena

Valid attorney-issued subpoenas under Rule 45(a)(3) "operate as enforceable mandates of the court on whose behalf they are served." *Rand v. Am. Ins. Co.*, No. 11-CV-3040, 2012 WL 628321, at *1 (E.D.N.Y. Feb. 27, 2012). Under Fed. R, Civ. P. 45(a)(2), all such subpoenas are issued "from the court where the action is pending." *United States ex rel. Ortiz v. Mount Sinai*

*Hosp.*, 169 F. Supp. 3d 538, 543 (S.D.N.Y. 2016). Where a recipient fails to comply with a subpoena for documents is a "motion to compel [the recipient] to produce the requested [documents], made in the district where compliance was required." Id., citing Fed. R. Civ. P. 45(d)(2)(B)(i).

Here, Alizada served a subpoena duces tecum from this Court on Smartist on November 11, 2023, which commanded the production of certain documents relating to Smartist's business, revenues, and relationship with Talibov, at Alizada's counsel's office located within this district, by no later than December 27, 2023, at 5:00 pm EST. Jenkins Decl. ¶¶ 6-8, **Ex. 1, 2.** Now, more than three weeks past the deadline, Smartist has failed to produce any responsive documents or otherwise respond to the subpoena. Jenkins Decl. ¶ 11. Alizada thus now properly moves to compel production under Rule 45, and his motion should be granted.

**B. Alizada's subpoena sought relevant documents to be produced at a proper location**

Although Smartist has not objected to Alizada's subpoena, it is beyond reasonable dispute that the subpoena properly sought production of relevant documents at an appropriate location.

Federal Rule 26 provides that "'[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party,' and "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.'" *Bulkmatic Transp. Co. v. Pappas*, No. 99CIV.12070(RMB)(JCF, 2001 WL 504839, at *2 (S.D.N.Y. May 11, 2001), citing Fed.R.Civ.P. 26(b)(1). Alizada brought this case on claims for breach of contract and fraud against Talibov arising from their joint business venture in creating Smartist and the "Smartist app," and Talibov later unlawfully ousting Alizada from the company and denying him revenues from same or its app. See Dkt. No. 1. Unable to seek any relevant documents from Talibov as result of his default, Alizada seeks in his subpoena

documents from Smartist regarding its revenues and earnings received from the "Smartist app," its securities and valuations, its payments to Talibov, and Talibov's ownership of the company. Jenkins Decl. ¶ 6, **Ex. 1**. The documents sought are thus plainly relevant to Alizada's claims in this case and therefore relevant under Rule 26.

Alizada also designated a proper location for the production of the sought documents. A subpoena seeking document production must "command their production at a place within 100 miles of where the commanded person resides, is employed, or regularly transacts business in person." *United States ex rel. Ortiz v. Mount Sinai Hosp.*, 169 F. Supp. 3d 538, 543 (S.D.N.Y. 2016); Fed. R. Civ. P. 45(c)(2)(A). Smartist is registered in the state of New York with a listed address at 4312 15th Ave, Brooklyn, New York, 11219 on the Secretary of State business registry, and lists a company address at 3441 78th street, Jackson Heights, NY 11372 on its official "terms of service" page. Jenkins Decl. ¶¶ 9-10, **Ex. 3-4**. Accordingly, Alizada commanded Smartist to produce documents at its counsel's New York office, located at 247 Water Street, First Floor, New York, New York 10038, which is within 100 miles of both publicly listed addresses for Smartist. Jenkins Decl. ¶ 8. Alizada thus commanded production at a proper location, and Smartist's production should be compelled.

**C. Smartist should be found in contempt and Alizada should be awarded his attorneys fees and costs in connection with this motion**

Rule 45 permits reimbursement of a party's expenses in making a motion to compel—including attorney's fees—if "the nonparty is declared in contempt on the basis of its failure to comply with subpoena." *Bulkmatic Transp. Co. v. Pappas*, No. 99CIV.12070(RMB)(JCF, 2001 WL 504839, at *3 (S.D.N.Y. May 11, 2001) (collecting cases allowing recovery of expenses and fees). In *Bulkmatic*, the court held that the plaintiff could recover its costs and fees for bringing a

motion to compel subpoena production against a nonparty where the nonparty "ha[d] not come forth with any excuse, let alone an adequate one, for its delay in producing the documents," and if the plaintiff could provide "an estimate of its costs in bringing the instant motion." Id. Here, Smartist has not come forth with any excuse for its failure to produce any documents in response to the subpoena, and Alizada has provided an estimate of its costs in bringing this motion in the contemporaneously filed declaration of its counsel, with those fees and costs estimated at $2,370.00 in attorneys' fees and $185 in service costs. Jenkins Decl. ¶ 13. This Court should thus reimburse Alizada his expenses and attorney's fees required to compel Smartist's compliance with the instant subpoena.

**IV. Smartist's production of the sought documents should be compelled**

Unable to seek any of the necessary documents in this action from the defaulting defendant, Alizada now seeks them from his company, Smartist, which itself lies at the heart of this dispute. The subpoena sought only relevant documents and commanded they be produced at a location within 100 miles of Smartist's business, and yet Smartist has failed to produce any documents or respond to the subpoena in any way. This Court should thus order that Smartist produce the documents sought in the subpoena and reimburse Alizada for his expenses and attorney's fees incurred in bringing this motion.

Dated: March 7, 2024  　　　　　　　　By:   */s/ David Michael Stuart Jenkins*
New York, New York  　　　　　　　　　　　David Michael Stuart Jenkins, Esq.
　　　　　　　　　　　　　　　　　　　　　Trevor W. Barrett, Esq.
　　　　　　　　　　　　　　　　　　　　　DONIGER / BURROUGHS
　　　　　　　　　　　　　　　　　　　　　247 Water Street, First Floor
　　　　　　　　　　　　　　　　　　　　　New York, NY 10038
　　　　　　　　　　　　　　　　　　　　　djenkins@donigerlawfirm.com
　　　　　　　　　　　　　　　　　　　　　tbarrett@donigerlawfirm.com
　　　　　　　　　　　　　　　　　　　　　Telephone: (310) 590-1820
　　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff*